UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SERGIO MORENO-VARGAS,

       Movant,

                           File No. 1:06-CV-292

v.

                           HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.
                                   /

**ORDER TO SHOW CAUSE WHY**
**§ 2255 MOTION SHOULD NOT BE SUMMARILY DISMISSED**

    This matter comes before the Court on Movant Sergio Moreno Vargas' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

    On September 15, 2003, in accordance with a plea agreement, Movant pleaded guilty to one count of reentry of a deported alien, in violation of 8 U.S.C. §§ 1326(a), 1326(b)(2) and 1101(a). On December 10, 2003, this Court sentenced Movant to 78 months' imprisonment. Movant did not appeal his conviction or sentence. Movant filed his first § 2255 motion on October 13, 2005. *Moreno-Vargas v. United States*, No. 1:05-cv-718 (W.D. Mich.). On December 7, 2005, the Court issued an order to show cause why the motion should not be summarily dismissed as time-barred. In response, Movant sought leave to withdraw his § 2255 motion, which the Court granted on January 3, 2006. Movant filed the instant § 2255 motion to vacate his sentence on May 2, 2006.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that if it plainly appears from the face of the § 2255 motion, exhibits and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order for its summary dismissal.

As this Court previously advised Movant, a threshold issue for § 2255 motions is whether the motion is filed within the one-year limitation period. 28 U.S.C. § 2255 ¶ 6. The limitation period runs from the latest of --

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255 ¶ 6.

In most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final. *Wiegand v. United States*, 380 F.3d 890, 891 (6th Cir. 2004). When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires. *See Sanchez-Castellano v. United States*, 358 U.S. 424, 428 (6th Cir. 2004); *United States v.*

*Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). In a criminal case, a defendant must file a notice of appeal within ten days after entry of judgment. FED. R. APP. P. 4(b). Judgment was entered in this case on December 10, 2003. The judgment therefore became final on December 24, 2003, upon the expiration of the ten-day period for filing a notice of appeal. Movant had one year, until December 24, 2004, in which to timely file a motion under § 2255. The instant motion was filed on or about May 1, 2006, more than seventeen months after the statute of limitations expired. Accordingly, Movant's action appears to be time-barred and subject to summary dismissal.

The Court observes, however, that the one-year limitations period is not jurisdictional and is subject to the doctrine of equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). The Sixth Circuit has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before his petition is dismissed on statute of limitations grounds. *See Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002). Other courts of appeals that have considered the issue also generally agree that sua sponte dismissal of a habeas corpus petition on statute of limitations grounds is improper unless the petitioner is afforded prior notice and

an opportunity to be heard on the issue. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001); *Acosta v. Artuz*, 221 F.3d 117, 125 (2d Cir. 2000). Accordingly,

**IT IS HEREBY ORDERED** that this order shall serve as notice that the Court will dismiss Movant's § 2255 motion as time-barred unless Movant shows that the motion is timely or that he is entitled to equitable tolling.

**IT IS FURTHER ORDERED** that Movant is given 14 days from the date of this order to **SHOW CAUSE** why his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence should not be summarily dismissed as time-barred.

Date:    June 13, 2006                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE