UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SERGIO MORENO-VARGAS,

        Movant,

                                            File No. 1:06-CV-292

v.

                                            HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

_____/

## **O P I N I O N**

        This matter comes before the Court on Movant Sergio Moreno-Vargas's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on December 10, 2003.

## **I.**

        On September 15, 2003, in accordance with a plea agreement, Movant pleaded guilty to one count of reentry of a deported alien, in violation of 8 U.S.C. §§ 1326(a), 1326(b)(2) and 1101(a).   On December 10, 2003, this Court sentenced Movant to 78 months' imprisonment.  Movant did not appeal his conviction or sentence.  Movant filed his first § 2255 motion on October 13, 2005.  *Moreno-Vargas v. United States*, No. 1:05-cv-718 (W.D. Mich.).  On December 7, 2005, the Court issued an order to show cause why the motion should not be summarily dismissed as time-barred. In response, Movant sought leave

to withdraw his § 2255 motion, which the Court granted on January 3, 2006.  Movant filed

the instant § 2255 motion to vacate his sentence on April 26, 2006.[1]

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States

District Courts provides that if it plainly appears from the face of the § 2255 motion, exhibits

and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order

for its summary dismissal.  *Id.*   On June 13, 2006, in accordance with Rule 4(b) and *Scott*

*v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002), this Court issued an order (Docket #3),

directing Movant to show cause within fourteen days why his motion should not be

summarily dismissed as time-barred.   The time for filing a response has now passed and

Movant has failed to file any response in this matter.[2]   The matter now is before the Court

for a determination whether the motion should be summarily dismissed on the grounds of the

statute of limitations.

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  Petitioner dated his application on April 26, 2006, and it was received by the Court on May 1, 2006.  Thus, it must have been handed to prison officials for mailing at some time between April 26 and May 1, 2006.  For purposes of this case, the Court has given Petitioner the benefit of the earliest possible filing date.

[2]It appears, however, that, on July 5, 2006, Movant filed a response in his first 2255, Case No. 1:05-cv-718, which had previously been voluntarily dismissed and closed.  The Court will assume for purposes of its review that Movant intended the July 5, 2006 response filed in Case No. 1:05-cv-718 (Docket #6) to be filed in the instant action.

## II.

A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitation period.  28 U.S.C. § 2255 ¶ 6.  The limitation period runs from the latest of --

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255 ¶ 6.

In the instant case, as in most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final.  *Wiegand v. United States*, 380 F.3d 890, 891 (6th Cir. 2004).  When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires.  *See Sanchez-Castellano v. United States*, 358 U.S. 424, 428 (6th Cir. 2004); *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002).  Judgment was entered in this case on December 10, 2003.  The judgment therefore became final on December 20, 2003, upon the expiration of the ten-day period for filing a notice of appeal.  Movant had one year, until December 20, 2004, in which to timely file a motion under § 2255.  The instant motion was

filed on or about May 1, 2006, more than seventeen months after the statute of limitations expired. Accordingly, Movant's action appears to be time-barred and subject to summary dismissal.

The one-year limitations period is not jurisdictional and is subject to the doctrine of equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. In *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 418 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Movant has failed to allege any facts or circumstances that would warrant application of equitable tolling in this case. In his mis-filed response, Movant argues that his statute of limitations should be equitably tolled because his attorney rendered ineffective assistance at the plea and sentencing hearings and because he is ignorant of the law and speaks little English. The fact that Movant is untrained in the law, was proceeding without a lawyer, or

-4-

may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at \*3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing.").  Movant's allegations of ineffective assistance at his plea and sentencing do not explain why he waited two-and-one-half years before investigating his legal rights.  *See Pace*, 544 U.S. at 419 (claims of ineffective assistance known at the time of sentencing do not explain a petitioner's lack of diligence in seeking collateral relief).  Movant fails to demonstrate that "extraordinary circumstances" prevented him from timely filing his motion.  *See Pace*, 544 U.S. at 418. Accordingly, Movant is not entitled to equitable tolling of the statute of limitations.

### III.

The files and records in this case conclusively show that the motion is time-barred and the Movant is entitled to no relief under § 2255.  For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.  An order consistent with this opinion will be entered.


Date:     July 19, 2006                        /s/ Robert Holmes Bell
                                               ROBERT HOLMES BELL
                                               CHIEF UNITED STATES DISTRICT JUDGE